# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ADVANCED CODEC TECHNOLOGIES, LLC, § § § *Applicant*, § § v. § § SAINT LAWRENCE COMMUNICATIONS LLC, § § § *Respondent*. § § | Case No. _____ |

### ADVANCED CODEC TECHNOLOGIES LLC'S APPLICATION FOR AN ORDER TO OBTAIN DISCOVERY UNDER 28 U.S.C. §1782

Applicant, Advanced Codec Technologies, LLC ("ACT"), files this Application for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery from Respondent, Saint Lawrence Communications LLC ("SLC"), and would respectfully show the Court as follows:

#### PRELIMINARY STATEMENT

1. 28 U.S.C. § 1782 allows an interested person to a proceeding before a foreign tribunal to seek the assistance of a United States district court to obtain discovery from a person or entity, in the United States judicial district in which that person or entity resides, for use in that foreign proceeding. *See* 28 U.S.C. § 1782(a).

2. Applicant ACT is Plaintiff, and thus an interested party, to several litigations pending in the People's Republic of China.

3. ACT seeks production of documents from Respondent SLC, a Texas company located in the Eastern District of Texas., for use in those proceedings.

4. Accordingly, all elements of § 1782 are amply satisfied.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1782(a).  This Court has personal jurisdiction over the Respondent because SLC is a resident of Texas and of this District.

6. Because Respondent SLC resides in the Eastern District of Texas, venue is proper in this Court pursuant to 28 U.S.C. § 1782(a).  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (c)(2) and (d).

## PARTIES

7. Applicant ACT is a Texas limited liability company having its principal place of business located at 2323 S. Shepherd Dr., 14th Floor, Houston, TX 77019.

8. Respondent SLC is a Texas limited liability company having its principal place of business at 6136 Frisco Square Blvd., Suite 400, Frisco, Texas 75035.

## THE FOREIGN PROCEEDING

9. ACT is Plaintiff to the following patent infringement suits currently pending in the People's Republic of China:

- (2018) Su (苏) 01 Min Chu (民初) 3350, -3354, -3355, -3356, -3358, -3364 vs. Guangdong OPPO Mobile Telecommunications Corp., Ltd. ("OPPO") pending in the Nanjing Intermediate People's Court of Jiangsu Province;

- (2018) Su (苏) 01 Min Chu (民初) 3348, -3357, -3359, -3361, -3363, -3365 vs. Vivo Communication Technology Co. Ltd. ("Vivo") pending in the Nanjing Intermediate People's Court of Jiangsu Province.;

- (2020) Su (苏) 01 Min Chu (民初) 1448, -1449, -1450, -1451, -1452, -1453 vs. OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") pending in the Nanjing Intermediate People's Court of Jiangsu Province; and

- (2018) Hu (沪) 73 Zhi Min Chu (知民初) 255, -256, -257, -258, -259, -260 vs. Huizhou TCL Mobile Communication Co. Ltd. ("TCL") pending in the Shanghai Intellectual Property Court.

The above-listed actions are hereafter collectively referred to as the "Foreign Proceedings."

10. In the Foreign Proceedings, ACT alleges that Defendants OPPO, Vivo, OnePlus and TCL, respectively, infringe the following six patents to which ACT is the exclusive licensee: CN1127055C, CN1172292C, CN1165892C, CN1165891C, CN1229775C, and CN1205603C (hereafter "Patents-In-Suit").

## DISCOVERY SOUGHT

11. ACT seeks from SLC the production of certain license agreements to the patent families of the Patents-in-Suit, which SLC had entered into with various licensees in the mobile telecommunications industry, as well as the certain documents generated during the negotiation of some of these license agreements (hereafter the "Requested Documents").

12. ACT seeks the production of the Requested Documents from SLC to use for the limited purpose as confidential evidence in the Foreign Proceedings, where the Requested Documents, where necessary, would be filed under seal to the applicable courts and disclosed only to outside counsel of the relevant parties.

13. SLC is the owner of the patent families at issue and has granted to ACT an exclusive license to enforce the Patents-in-Suit in China. Accordingly, ACT has brought suit against OPPO, Vivo, OnePlus and TCL in the Foreign Proceedings due to each Defendant's infringement of the Patents-in-Suit.

14. Similar to U.S. patent law, Chinese patent law allows a Plaintiff such as ACT to recover a reasonable royalty for patent infringement. Moreover, Chinese patent law similarly refers to comparable licenses to the patents-in-suit as evidence relevant to assessing the reasonable royalty owed for patent infringement.

15.     Furthermore, the Patents-in-Suit are standard-essential patents to the AMR-WB Standard, and thus encumbered by an obligation to license on a Fair, Reasonable, and Non-Discriminatory (FRAND) basis.  Therefore, the prior licenses to the Patents-in-Suit entered into by SLC, and the context provided by those licenses, are necessary to measure whether or not the reasonable royalty damages contended by the relevant parties in the Foreign Proceedings comply with the necessary FRAND obligations.

16.     Accordingly, the Requested Documents in SLC's possession are material to ACT's ability to establish the proper amount of FRAND, reasonable royalty damages resulting from each Defendant's infringement in the Foreign Proceedings.

17.     SLC does not oppose the production of the Requested Documents to ACT for use in the Foreign Proceedings. However, on information and belief, SLC has contractual confidentiality obligations that prevent SLC from voluntarily providing the Requested Documents to ACT without obligation to do so pursuant to applicable law and/or court order. Therefore, ACT seeks assistance from this Court to obtain this evidence.

18.     ACT intends to use the Requested Materials sought from SLC solely as evidence that would be submitted in confidence (*i.e.* under seal) to the applicable courts in the Foreign Proceedings. According to the applicable rules of court in the Foreign Proceedings at issue, the real parties in interest, including Defendants OPPO, Vivo, OnePlus and TCL, would only be allowed to access the Requested Materials at issue via their respective outside counsels.

19.     On information and belief, SLC may have contractual obligations to notify certain licensees before production of certain Requested Documents.  The Order ACT seeks via this Application would allow SLC to withhold production of any such Requested Documents that are encumbered by notice obligations, until those obligations are satisfied.

## § 1782 ANALYSIS

20. Courts analyze a request for discovery under Section 1782 in a two-step process: (1) determine whether the request satisfies express statutory requirements, and (2) determine whether the request is appropriate under the discretionary factors identified in *Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

21. SLC resides in this district. ACT seeks this discovery for use in the Foreign Proceedings as contemplated by Section 1782. ACT is the Plaintiff, and therefore an interested party, to the Foreign Proceedings at issue. Therefore, the statutory requirements are satisfied here. *See* 28 U.S.C. § 1782(a).

22. "Once the statutory requirements are met, 'a district court is free to grant discovery in its discretion.'" *Texas Keystone Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (internal quotations omitted).

23. The four discretionary factors under *Intel* also all weigh in favor of allowing the discovery ACT seeks in this case.

24. First, SLC is not a party to the above-listed Foreign Proceedings which weighs in favor of allowing the requested discovery. *See Intel Corp.* 542 U.S. at 244.

25. Second, the nature and character of the Foreign Proceedings in China comports with the need for, and materiality of, the discovery sought via this Application. *See id.* at 244. Indeed, ACT seeks the production of licenses and license negotiations that directly pertain to the patent families of the Patents-in-Suit which will assist the relevant parties and applicable courts in establishing the proper reasonable royalty damages in the Foreign Proceedings.

26. Third, there is no showing that ACT's request is, in any way, an attempt to circumvent any particular proof-gathering limits or policies of either China or the United States. *See id.* at 244-245.

27. Fourth, ACT's request is in no way intrusive or burdensome to SLC because it seeks the production of a limited number of license agreements and negotiation documents, and SLC does not actually oppose the production of said agreements. *See id.* at 245.

28. Accordingly, every statutory element and every common law factor supports the granting of ACT's Application.

## CONCLUSION

29. Accordingly, ACT respectfully requests that the Court enter an Order pursuant to 28 U.S.C. § 1782 for SLC to produce the Requested Documents.

Dated: July 29, 2020

Respectfully submitted,

*/s/ Andrew W. Stinson*
Andrew W. Stinson
State Bar No. 24028013
RAMEY & FLOCK, PC
100 E. Ferguson Street, Suite 404
Tyler, TX 75702
903-597-3301
903-597-2413 fax
andys@rameyflock.com
***Attorneys for Plaintiff***